**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
┌─────────────────────────────┐
│ VINCENT NUZZI,              │
│                             │
│                 Plaintiff,  │
│                             │
│           v.                │
│                             │  Civil Action
│ NATIONAL RAILROAD PASSENGER │  No. 04-546
│ CORPORATION (AMTRAK)        │
│                             │
│                 Defendant.  │
│                             │
└─────────────────────────────┘
```

In this action, Plaintiff Vincent Nuzzi ("Mr. Nuzzi" or "Plaintiff") challenges an award of the National Mediation Board ("NMB" or "Board") under the Railway Labor Act ("RLA"), 45 U.S.C. §§ 151 et seq.  In that award, the NMB upheld a decision of the National Railroad Passenger Corporation ("Amtrak" or "Defendant") terminating Mr. Nuzzi's employment with Amtrak.  Plaintiff claims that the NMB violated his procedural due process rights and that Amtrak intentionally breached the collective bargaining agreement between Mr. Nuzzi's union and Amtrak.  Defendant avers that Plaintiff does not have a cause of action to challenge the NMB's award and moves under Federal Rule of Civil Procedure 12(b)(6) for dismissal.  For the reasons set forth below, the Court agrees that Mr. Nuzzi has not set forth a cognizable challenge to the NMB's award and therefore **GRANTS** Defendant's motion to dismiss.

**BACKGROUND**

Plaintiff was employed by Amtrak as a fireman & oiler.  The

facts relevant to Mr. Nuzzi's termination, as found by the NMB, are as follows: From April 30 to May 2, 2002, Mr. Nuzzi attended a training seminar for Amtrak employees at the Hilton Hotel in Woodbridge, New Jersey.  During an intermission from training exercises on May 1, Mr. Nuzzi entered a room restricted to hotel employees wherein he reportedly made inappropriate and unwelcomed sexual comments to a female hotel employee.  The hotel employee reported the incident to her hotel supervisor who, in turn, reported the incident to Amtrak Manager Snow ("Snow").  Following this report, Amtrak cautioned Mr. Nuzzi with regard to his purported behavior and directed Mr. Nuzzi to comport with Amtrak's Standards of Excellence – rules of professional conduct for which Amtrak employees are required to abide.

The next day, Mr. Nuzzi made inappropriate and offensively suggestive comments to a female training instructor during a classroom session.  Snow directed Mr. Nuzzi to leave the classroom and hotel.  According to Snow, Mr. Nuzzi failed to timely comply with his repeated verbal directives and caused a disturbance in the hotel lobby.

Amtrak held an investigative hearing on June 5, 2002. Following an examination of witnesses and evidence, Amtrak decided to terminate Mr. Nuzzi's employment.  Mr. Nuzzi sought review of his termination by the National Mediation Board which, after a hearing, found that Amtrak did not violate the collective

bargaining agreement by terminating the Plaintiff.

## DISCUSSION

Plaintiff brings his claim under the RLA, 45 U.S.C. § 151 et seq. which provides "public law boards . . . primary and exclusive jurisdiction over employment grievances involving the interpretation or application of collective bargaining agreements[.]" United Transp. Union v. Nat'l R.R. Passenger Corp., 882 F. Supp. 1, 3 (D.D.C. 1995).  The RLA provides limited review of public law board awards where there has been "(1) failure of the [Board] to comply with the requirements of the Railway Labor Act; (2) failure of the [Board] to conform, or confine itself to matters within the scope of its jurisdiction; and (3) fraud or corruption." Union Pac. Ry. Co. v. Sheehan, 439 U.S. 89, 93 (1978) (citing 45 U.S.C. § 153 First (q)).[1]  Additionally, some courts have

---

[1]Title 45 Section 153 First (q) provides:

If any employee or group of employees, or any carrier, is aggrieved by the failure of any division of the Adjustment Board to make an award in a dispute referred to it, or is aggrieved by any of the terms of an award or by the failure of the division to include certain terms in such award, then such employee or group of employees or carrier may file in any United States district court in which a petition under paragraph (p) could be filed, a petition for review of the division's order. A copy of the petition shall be forthwith transmitted by the clerk of the court to the Adjustment Board. The Adjustment Board shall file in the court the record of the proceedings on which it based its action. The court shall have jurisdiction to affirm the order of the division or to set it aside, in whole or in part, or it may remand the proceeding to the division for

recognized an implicit fourth prong or right of review for claims alleging a denial of due process during the Board's proceedings. See, e.g., United Transp. Union v. Wash. Terminal Co., 86 Lab. Cas. (CCH) ¶11,508 (D.D.C. 1979); but see Kinross v. Utah Ry. Co., 362 F.3d 658, 661-62 (10th Cir. 2004) (outlining the circuit split on this question).  Courts have described this scope of review as "amongst the narrowest known to law." Diamond v. Terminal Ry. Ala. State Docks, 421 F.2d 228, 233 (5th Cir. 1979); see also United Transp. Union v. ICC, 43 F.3d 697, 700 (D.C. Cir. 1995)

In his Complaint, Plaintiff alleges that "at the time of Mr. Nuzzi's Investigative Hearing the Defendant violated his Constitutional right to Due Process by (1) engaging in unfair surprise by presenting new and unspecific charges and (2) allowing hearsay testimony of alleged witnesses not present at the hearing." Am. Compl. at para. 32.  Therefore, Plaintiff's challenge to the Board's award arises, if at all, under the due process prong of the Court's review authority.

_____

such further action as it may direct. On such review, the findings and order of the division shall be conclusive on the parties, except that the order of the division may set aside, in whole or in part, or remanded to the division, for failure of the division to comply with the requirements of this Act, for failure of the order to conform, or confine itself, to matters within the scope of the division's jurisdiction, or for fraud or corruption by a member of the division making the order. The judgment of the court shall be subject to review as provided in sections 1291 and 1254 of title 28, United States Code.

The Court finds that assuming _arguendo_ that a due process challenge can be raised, Plaintiff has not alleged a violation of due process sufficient to provide a basis for remand of the Board's award.

As to Mr. Nuzzi's first claim, i.e., that during the investigative hearing Defendant presented new charges against him, Mr. Nuzzi's claim does not allege that the _Board_ in any way violated Plaintiff's due process rights; an alleged violation by the _Board_, however, is a necessary element to remand an award by the Board. _See_, _e.g._, _Elmore v. Chi. & Ill. Midland Ry. Co._, 782 F.2d 94 (7th Cir. 1986); _see also_ 45 U.S.C. § 153 First (q). This requirement arises from the language of Section 153 First (q) and from pragmatic considerations, namely, that (1) the purpose of the Board itself is to protect against such abuses in the investigative hearing, _Elmore_, 782 F.2d at 96, and (2) to allow challenges to Amtrak's internal grievance procedures would "constitutionalize grievance procedures in the railroad industry in the face of a long-standing and widely approved federal policy of minimizing judicial intervention in the settlement of labor disputes in that industry," _id._ at 96-97.

Plaintiff appears to concede as much by asserting that the Board "adopted" the findings of the investigative hearing. While it may be the case that due process violations may be imputed to the Board where the Board does not provide a meaningful opportunity

for a party to present evidence or rebut findings made in an investigative hearing, there has been no allegation of such nonfeasance by the Board here.  Rather, it is undisputed here that the Board's hearing allowed Mr. Nuzzi a full opportunity to address all the "charges" against him thereby providing him with an ample opportunity rebut the charges through argument and evidence.

Plaintiff's second argument, that the Investigative Hearing improperly relied on hearsay, must fail for the same reason. Furthermore, to the extent the Board did rely on hearsay, this reliance did not constitute reversible error.  Cf. Pokuta v. Trans World Airlines, Inc., 191 F.3d 834, 840-41 (7th Cir. 1999) (because letters relied on by the Board were first admitted during the investigative hearing, plaintiff "was not deprived of the opportunity to respond to this evidence.").  The Board provided Mr. Nuzzi with a full opportunity to rebut this evidence, and the Board did not appear to place undue weight on its use.

Plaintiff also alleges that these Due Process violations tainted the hearing such that Amtrak intentionally breached its collective bargaining agreement with Mr. Nuzzi's union.  However, the RLA provides the exclusive mechanism for asserting such a challenge.  See United Transp. Union v. Nat'l R.R. Passenger Corp., 882 F. Supp. 1, 3 (D.D.C. 1995).  Because the Board has reviewed this matter, and Plaintiff has failed to state a cause of action to set aside the Board's award, this claim must be denied.

**CONCLUSION**

For the reasons set forth above, Plaintiff has failed to assert a legal basis for this Court to remand the NMB's award. Therefore, Defendant's motion to dismiss is **GRANTED**.  Judgment will be entered accordingly.


IT IS SO ORDERED.

/s/ Donald C. Pogue
DONALD C. POGUE
UNITED STATES DISTRICT JUDGE[2]


March 1, 2006

---

[2]The Honorable Donald C. Pogue, Judge for the United States Court of International Trade, sitting by designation.